# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

JONATHAN NASHOANAK,

          Plaintiff,

      v.

SARA ANGOL, *et al.,*

          Defendants.

Case No. 3:24-cv-00269-SLG

## SCREENING ORDER

On December 9, 2024, self-represented prisoner Jonathan Nashoanak, ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff claims that beginning on or about September 23, 2023, while he was a pretrial detainee at the Goose Creek Correctional Center ("Goose Creek") in the custody of the Alaska Department of Corrections ("DOC"), DOC correctional officers failed to protect him from sexual assault and harassment by another prisoner. He names as Defendants Superintendent Sarah Angol, Lieutenant Jared Hermon, Sergeant Kristi Kirk, and Correction Officer John Mitchell. Plaintiff also names the alleged prisoner assailant, Ronald Clayton, as a Defendant.

---

[1] Dockets 1-3.

Specifically, in Claim 1, Plaintiff alleges all named Defendants failed to protect him from violence and harm.[2] In Claim 2, Plaintiff alleges Defendants Hermon, Kirk, Mitchell, and Clayton violated his right to be free from unsafe conditions of confinement guaranteed by the Due Process Clause of the Fourteenth Amendment.[3] In Claim 3, Plaintiff alleges Defendants Angol, Hermon, Kirk, and Mitchell violated his right to equal protection under the law.[4] In Claim 4, Plaintiff brings a tort claim for assault, sexual battery, and bodily harm against his alleged prisoner assailant, Defendant Clayton.[5] In Claim 5, Plaintiff alleges Superintendent Angol violated his rights by failing to train DOC staff, failing to ensure compliance with the Prison Rape Elimination Act (PREA), and failing to properly supervise DOC staff to ensure Plaintiffs and all others were protected from harm.[6] Lastly, in Claim 6, Plaintiff alleges a claim for the intentional infliction of emotional distress.[7] For relief, Plaintiff seeks over $100,000 in damages, punitive

---

[2] Docket 1 at 4.

[3] Docket 1 at 5. Plaintiff also alleges a violation of the Cruel and Unusual Punishments Clause under the Eighth Amendment, but that constitutional provision is not applicable to pretrial detainees. Therefore, the Eighth Amendment claim must be dismissed with prejudice.

[4] Docket 1 at 6.

[5] Docket 1 at 7.

[6] Docket 1 at 8.

[7] Docket 1 at 9.

damages as allowed by law, and for Goose Creek staff to be retrained in protecting prisoners from sexual assault.[8]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, the Complaint fails to adequately state a claim for which relief may be granted. Accepting the facts as alleged in the Complaint as true and construing the claims in the light most favorable to Plaintiff—as the Court must at the screening stage—the Court can "identify a few possible claims" throughout the filings.[9] But the Complaint is deficient for the reasons identified in this order. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[10] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i)     is frivolous or malicious;

---

[8] Docket 1 at 18.

[9] *See McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996) (a filing may be dismissed under Rule 8 even if the court can "identify a few possible claims").

[10] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:24-cv-00269-SLG, *Nashoanak v. Angol, et al.*
Screening Order
Page 3 of 24

(ii)   fails to state a claim on which relief may be granted; or

(iii)  seeks monetary relief against a defendant who is immune from such relief.[11]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[12] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[13] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[14] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[15]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity

---

[11] 28 U.S.C. § 1915(e)(2)(B).

[12] *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[13] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[14] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[15] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

Case 3:24-cv-00269-SLG   Document 6   Filed 04/14/25   Page 4 of 24

to file an amended complaint, unless to do so would be futile.[16]  Futility exists when

"the allegation of other facts consistent with the challenged pleading could not

possibly cure the deficiency."[17]

## DISCUSSION

### I.    Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint

must contain a "short and plain statement of the claim showing that the

[complainant] is entitled to relief[.]"[18] While a complaint need not, and should not,

contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me

accusation[s]" are insufficient to state a claim.[19]  To determine whether a complaint

states a valid claim for relief, a district court considers whether the complaint

contains enough facts that, if accepted as true, "state[s] a claim to relief that is

plausible on its face."[20] A claim is plausible "when the plaintiff pleads factual

---

[16] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[17] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[18] Fed. R. Civ. P. 8(a)(2).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[20] *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[22] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[23] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[24] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[25]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of

---

[21] *Ashcroft*, 556 U.S. at 678.

[22] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[23] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[24] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[25] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

which complaint is made."[26]  Rule 10(b) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint . . . name all the parties" and a complaint must allege in specific terms how each named defendant caused a specific harm to the plaintiff.[27]  Vague and conclusory allegations of constitutional violations are not sufficient.[28]  A complaint must give each defendant fair notice of the plaintiff's claim against that specific defendant and the grounds upon which it rests.[29]

### III.    State Law Claims

Plaintiff's claims for assault, battery, and intentional infliction of emotional distress do not arise under U.S. Constitution or a federal statute.. Instead, they are tort claims grounded in state law and typically addressed in state court. However, a federal court may assert supplemental jurisdiction over related state law claims that "form part of the same case or controversy" as the federal clams, including claims that involve the joinder of additional parties.[30] Although a federal court may exercise supplemental jurisdiction over state law claims, a plaintiff must first have a cognizable claim for relief under federal law.[31]

---

[26] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[27] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[28] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[29] *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002).

[30] 28 U.S.C. § 1367(a).

[31] *See* 28 U.S.C. § 1367.

Case No. 3:24-cv-00269-SLG, *Nashoanak v. Angol, et al.*
Screening Order

## IV. Screening Review of Plaintiff's Claims

### A. Claims 1 and 2: Failure to Protect

In both Claims 1 and 2, Plaintiff alleges all Defendants failed to protect him from harm and subjected him to unsafe conditions of confinement and that certain Defendants conspired to cover up their misdoings. Because these claims overlap, the Court screens them together.

Plaintiff claims that upon his arrival at Goose Creek in September 2023, he was subjected to unwanted sexual advances and harassment by prisoner Clayton. Plaintiff describes an initial encounter where Clayton made an inappropriate sexual advance by grabbing him and making suggestive comments. Despite Plaintiff's protests, Clayton continued to harass him, both verbally and physically, over the following weeks. Plaintiff claims he submitted several requests to be moved to a different housing unit, but that he did not specify the reason for fear of being labeled a "snitch." In early December 2023, Plaintiff reported Clayton's behavior to Officer Mitchell and Sergeant Kirk. Plaintiff claims that Mitchell and Kirk were both aware of Clayton's history of similar behavior, but despite that information and Plaintiff's report, they still returned Plaintiff to the same housing unit.[32]

In mid-December, Plaintiff claims another correctional officer noticed his distress and moved him to protective custody. The next day, Plaintiff was interviewed by Lieutenant Hermon. Plaintiff claims Lieutenant Hermon downplayed

---

[32] Docket 1 at 13.

Case 3:24-cv-00269-SLG    Document 6    Filed 04/14/25    Page 8 of 24

his reported allegations and seemed more interested in covering up the correctional officers' failures and discouraging Plaintiff from pursuing a grievance or PREA complaint. Although Plaintiff questions Lieutenant Hermon's motives and professionalism, as pleaded, it appears Plaintiff was not placed back into a housing unit or otherwise unsafe situation after that interview, that a PREA incident report was filed, and that Mitchel and Kirk were "either suspended or put on leave."[33] The Complaint does not contain any factual allegations against Sara Angol related to these claims.[34]

Plaintiff was a pretrial detainee during the alleged events, so his claims arise under the Fourteenth Amendment, not the Eighth Amendment, which only applies to convicted prisoners. Therefore, Plaintiff's claims under the Eighth Amendment must be dismissed.

### 1. Failure to Protect Claim under the Due Process Clause of the Fourteenth Amendment

Pretrial detainees have a right to be free from jail conditions or restrictions that "amount to punishment."[35] Pretrial detainees also have a due process right to be free from violence from other inmates.[36] Both of these claims arise under the

---

[33] Docket 1 at 15.

[34] Plaintiff's claims against Superintendent Angol include an alleged violation of his due process rights and negligent supervision.

[35] *Bell v. Wolfish,* 441 U.S. 520, 535–37 (1979).

[36] *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016) (en banc).

Case No. 3:24-cv-00269-SLG, *Nashoanak v. Angol, et al.*
Screening Order
Page 9 of 24

Due Process Clause of the Fourteenth Amendment. Conditions of confinement claims typically involves challenges to the overall living conditions, such that the pretrial detainee is deprived of the minimal civilized measure of life's necessities, such as food, warmth, or exercise.[37] Here, Plaintiff's allegations in Claims 1 and 2 both appear to be asserting a failure to protect claim, not a conditions of confinement claim.

To state a claim for failure to protect under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee must plead sufficient plausible facts to support each of the following elements:

(1)     the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2)     those conditions put the plaintiff at substantial risk of suffering serious harm;

(3)     the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

---

[37] *Wilson v. Seiter,* 501 U.S. 294 (1991).

(4)   by  not  taking  such  measures,  the  defendant

caused the plaintiff's injuries.[38]

With  respect  to  the  third  element,  the  defendant's  conduct  must  be  objectively

unreasonable.[39]  "[M]ere lack of due care by a state official" is not enough to show

a constitutional violation; instead the plaintiff must allege facts, that if proven, would

demonstrate  "more  than  negligence  but  less  than  subjective  intent—something

akin to reckless disregard."[40]

### 2.    *Plaintiff is Granted Leave to Amend his Failure to Protect Claim*

Accepting the facts as alleged in the Complaint as true and construing the

claims in the light most favorable to Plaintiff—as the Court must at the screening

stage—Plaintiff  may  be  able  to  state  a  failure  to  protect  claim  against  certain

defendants. But the Complaint does not comply with Rule 8 because it does not

provide  a  short  and  plain  statement  of  the  facts  that  gives  each  defendant  fair

notice of the claims that are being asserted. Instead, Plaintiff includes six separate

claims  on  the  Court's  template  complaint  form  and  a  six-page  handwritten

narrative.  And  the  Complaint  does  not  include  any  specific  facts  suggesting

---

[38] *Id.*

[39] *See Castro*, 833 F.3d at 1067-71 (setting forth elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim).

[40] *Alexander v. Nguyen*, 78 F.4th 1140, 1144-45 (9th Cir. 2023) (quoting *Gordon v. County of Orange,* 888 F.3d 1118, 1125 (9th Cir. 2018)).

Defendant Angol or Defendant Hermon intentionally put Plaintiff at risk of harm or otherwise failed to protect him.

Upon review, the Court finds Claims 1 and 2 do not comply with Rule 8 and fail to state a plausible claim upon which relief could be granted. Therefore, Claims 1 and 2 are DISMISSED. Additionally, inmates are private citizens who do not act under color of state law.[41] Plaintiff may be able to state a cognizable state law claim against prisoner Clayton, as explained further below. But Plaintiff's constitutional claims against prisoner Clayton under Section 1983 cannot proceed and must be dismissed with prejudice.

However, Plaintiff is granted to leave to revise his claims and file an amended complaint in which he attempts to correct the deficiencies identified in this order. Plaintiff must not include any claims under Section 1983 against prisoner Clayton in any amended complaint or bring claims under the Eighth Amendment. In any amended complaint, as to each Defendant, in separately numbered short paragraphs, Plaintiff must allege when and how that Defendant failed to protect him from harm by addressing each of the elements for a failure to protect claim as set forth above.

---

[41] *See Howard v. Parks,* Case No. 1:24-cv-00285-SAB (PC), 2024 WL 4977108, *3 (E.D. Cal. May 7, 2024) ("Courts have consistently rejected attempts by prisoner plaintiffs to sue fellow inmates under § 1983.") (collecting cases).

## B. Claim 3: Equal Protection

In Claim 3, Plaintiff alleges Defendants Angol, Hermon, Kirk, and Mitchell violated his right to equal protection.[42] The Equal Protection Clause of the Fourteenth Amendment requires that all persons who are similarly situated be treated alike.[43] To state a claim for a violation of this provision, a plaintiff must allege plausible facts that if proven, would demonstrate that a defendant acted with an intent or purpose to discriminate against the plaintiff based upon the plaintiff's membership in a protected class.[44] Prisoners are not a protected class for purposes of an equal protection claim,[45] but the Equal Protection Clause does

---

[42] Docket 1 at 6.

[43] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1125–26 (9th Cir. 2002).

[44] *Furnace v. Sullivan,* 705 F.3d 1021, 1030 (9th Cir. 2013) (rejecting equal protection claim where inmate failed to show that he was treated differently than any other inmates in the relevant class). *See also Yick Wo v. Hopkins,* 118 U.S. 356, 369 (1886) (The guarantees of equal protection "are universal in their application, to all persons within the territorial jurisdiction, without regard to any differences of race, of color, or of nationality; and the equal protection of the laws is a pledge of the protection of equal laws.").

[45] *See Taylor v. Delatoore,* 281 F.3d 844, 849 (9th Cir. 2002) (prisoners are not a protected class for purposes of stating an equal protection claim).

Case No. 3:24-cv-00269-SLG, *Nashoanak v. Angol, et al.*
Screening Order
Page 13 of 24

protect prisoners from intentional discrimination based on race,[46] religion,[47] and gender.[48]

Despite Plaintiff's references to "equal protection," and allegations that Defendants' actions were "arbitrary and capricious," he has not alleged sufficient facts to suggest any named Defendant "acted with an intent or purpose to discriminate against" him or that such discrimination was "based upon [his] membership in a protected class." For these reasons, Plaintiff fails to state a claim for violation of the Equal Protection Clause. Although amendment of this claim is likely futile, Plaintiff is accorded leave to amend this claim.

## C.    Claim 4: Assault, Sexual Battery, and Bodily Harm

In Claim 4, Plaintiff brings claims against another prisoner, Defendant Clayton, for alleged assault, sexual battery, and bodily harm. Assault and battery are tort claims and are not found in the Constitution; nor are tort claims federal statutory rights. Instead, these claims are grounded in state law and are most typically addressed in Alaska state court.[49] Assault is defined as an act intended

---

[46] *See, e.g., Johnson v. California*, 543 U.S. 499, 512–15 (2005) (holding that strict scrutiny is the proper standard of review for a prisoner's equal protection challenge to racial classifications); *Cruz v. Beto,* 405 U.S. 319, 321 (1972) (per curiam).

[47] *Shakur v. Schriro,* 514 F.3d 878, 891 (9th Cir. 2008) ("[T]he Equal Protection Clause entitles each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'") (quoting *Cruz v. Beto,* 405 U.S. 319, 322 (1972))).

[48] *See Harrison v. Kernan,* 971 F.3d 1069, 1079–80 (9th Cir. 2020) (adopting intermediate scrutiny in gender-based prison cases).

[49] *See* Alaska Civil Pattern Jury Instructions, Article 12 (Assault and Battery),

to cause a harmful or offensive contact with another person or to cause apprehension of such contact, and the other person is put in imminent apprehension of such contact. Battery occurs when an individual intentionally causes harmful or offensive contact with another person.[50]

Defendant Clayton is not a state actor, so he can only be added as a party to a federal case if Plaintiff pleads a plausible claim for relief against a state actor under federal law. Plaintiff is granted leave to restate his state law claims against Defendant Clayton in an amended complaint. An amended complaint replaces the prior complaint in its entirety.[51] Any claim not included in the amended complaint will be considered waived.

### D. Claim 5: Inadequate Supervision

In Claim 5, Plaintiff claims on or about September 20, 2023, Superintendent Angol violated his right to "bodily autonomy, equal protection, and reasonably safe conditions of confinement as violations" and purports to bring an "action for negligent supervision."[52] Plaintiff claims Angol violated her duty to supervise the

---

https://courts.alaska.gov/CVPJI/index.htm#12.

[50] *DeNardo v. Corneloup,* 163 P.3d 956, 960 (Alaska 2007); *see also Lowdermilk v. Lowdermilk*, 825 P.2d 874, 879 (Alaska 1992) ("A person is liable for assault and battery if the person intends to cause harmful or offensive contact.").

[51] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[52] Docket 1 at 8.

facility and its staff, failed to properly train staff, and failed to ensure staff were in compliance with the Prison Rape Elimination Act (PREA).

Plaintiff has failed to state a plausible claim against Superintendent Angol. Defendant Angol cannot be liable solely because she holds a supervisory position as warden.[53] A supervisor can be held liable in her individual capacity under Section 1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[54] Supervisory liability may also exist without any personal participation if the state official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation."[55]

Here, the Complaint does contain any allegations to support a claim that Superintendent Angol was personally involved in or had a sufficient casual connection to any constitutional violation. Additionally, the Complaint does not identify a specific policy that Superintendent Angol implemented that was a moving

---

[53] *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (a supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others).

[54] *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[55] *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (internal quotation and citation omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

force behind any constitutional violation. Unless Plaintiff can allege specific facts demonstrating Superintendent Angol's connection to or involvement in other constitutional violations, or a specific policy at Goose Creek that Plaintiff asserts is deficient, Superintendent Angol must not be included as a Defendant in any amended complaint.

### E. Claim 6: Intentional Infliction of Emotional Distress

In Claim 6, Plaintiff asserts that all Defendants intentionally inflicted emotional distress upon him. Under Alaska law, to prevail on a claim of intentional infliction of emotional distress ("IIED"), a plaintiff must establish (1) that the defendant's conduct was extreme and outrageous, (2) that the conduct was intentional or reckless, (3) that this conduct caused the plaintiff emotional distress, and (4) that the distress was severe.[56] Extreme and outrageous conduct is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[57] Repeated acts or a pattern of long-term behavior can indicate that conduct is extreme and outrageous.[58] To establish an IIED claim, a plaintiff must demonstrate not only extreme and outrageous behavior by the defendant, but also severe emotional distress: "distress of such substantial

---

[56] *Watkinson v. Dep't of Corr.,* 540 P.3d 254 (Alaska 2023).

[57] *Lybrand v. Trask*, 31 P.3d 801, 803 n.4 (Alaska 2001) (citing Restatement (Second) of Torts § 46 cmt. d (Am. L. Inst. 1965)).

[58] *Watkinson,* 540 P.3d at 267.

Case No. 3:24-cv-00269-SLG, *Nashoanak v. Angol, et al.*
Screening Order
Page 17 of 24

quantity or enduring quality that no reasonable person in a civilized society should be expected to endure it."[59] "Examples of serious emotional distress may include 'neuroses, psychoses, chronic depression, phobia, and shock.' However, temporary fright, disappointment or regret does not suffice under this standard."[60] Serious mental distress exists when "a reasonable [person], normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case."[61]

While Alaska law also permits individuals to recover damages for emotional distress due to negligent conduct under limited circumstances,[62] the Alaska Supreme Court has held that the "jailor-prisoner relationship does not give rise to a type of preexisting duty required to establish liability for [Negligent Infliction of Emotional Distress.]"[63]

---

[59] *Teamsters Loc. 959 v. Wells*, 749 P.2d 349, 357 (Alaska 1988).

[60] *Fyffe v. Wright*, 93 P.3d 444, 456 (Alaska 2004) (quoting *Chizmar v. Mackie*, 896 P.2d 196, 204 (Alaska 1995)); *see also Nelson v. Progressive Corp.*, 976 P.2d 859, 868 (Alaska 1999) (testimony from plaintiff and his father that he was angry and "red in the face" after mishandling of insurance claim not severe emotional distress).

[61] *Chizmar*, 896 P.2d at 204 (quoting *Rodrigues v. State*, 52 Haw. 156, 52 Haw. 283, 472 P.2d 509, 520 (1970)); *see also* Restatement (Second) of Torts § 46 cmt. j (Am. L. Inst. 1965) ("The law intervenes only where the distress inflicted is so severe that no reasonable [person] could be expected to endure it.").

[62] *Schack v. Schack*, 414 P.3d 639, 641 (Alaska 2018) (citing *Kallstrom v. United States*, 43 P.3d 162, 165 (Alaska 2002)).

[63] *See Watkinson,* 540 P.3d at 273 (agreeing "with the superior court's holding that the jailor-prisoner relationship does not give rise to a type of preexisting duty required to establish liability for NIED, and . . . that the *D.S.W.* factors do not support embracing a new type of preexisting duty in this case).

Although leave to amend a state law claim for the intentional infliction of emotional distress is likely futile, Plaintiff is granted leave to amend this claim.

## V. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[64]   Any claim not included in the amended complaint will be considered waived.  However, a complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[65]  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims.  If handwritten, it must be legible. Each claim must identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occured, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs,  with no paragraph number being repeated anywhere in the complaint.[66]   A narrative as was appended to Plaintiff's Complaint is not acceptable; a complaint needs to have numbered short paragraphs so that a

---

[64] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[65] Fed. R. Civ. P. 8(a)(2).

[66] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

defendant can admit or deny each paragraph in an answer. Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint may not include any claims that have been dismissed with prejudice.

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of the complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

## VI.    The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[67] The "three strikes" provision was "designed to filter out the bad claims and facilitate

---

[67] 28 U.S.C. § 1915(g).

consideration of the good."[68] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[69] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[70] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[71] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[72]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Complaint that are identified in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

---

[68] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[69] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[70] *Andrews,* 493 F.3d at 1056 (cleaned up).

[71] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[72] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:24-cv-00269-SLG, *Nashoanak v. Angol, et al.*
Screening Order
Page 21 of 24

a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3.      If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form**,** this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim. If an amended complaint is dismissed as frivolous, malicious, or for failure to state a plausible claim, it will also count as a strike against Plaintiff.

4.      Plaintiff's application to waive *prepayment* of the filing fee at **Docket 3 is GRANTED.**

5.      Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[73]  Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order for the collection of the filing fee.

---

[73] 28 U.S.C. § 1915(b)(1)&(2).

6.     If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[74]  Failure to comply may result in dismissal of this action.

7.     Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[75]  Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8.     Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9.     At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address, and its effective date.[76]  The Notice shall not include requests for any other relief.

---

[74] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[75] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[76] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:24-cv-00269-SLG, *Nashoanak v. Angol, et al.*
Screening Order
Page 23 of 24

A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10.    With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 14th day of April, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00269-SLG, *Nashoanak v. Angol, et al.*
Screening Order
Page 24 of 24
Case 3:24-cv-00269-SLG    Document 6    Filed 04/14/25    Page 24 of 24